[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#117)
In January of 1989, the plaintiffs commenced a civil suit against the State of Connecticut, Department of Public Safety for injuries to Tania Dimitriou allegedly arising out of an incident that occurred on September 1, 1984. The plaintiffs allege that on that date, plaintiff, Tania Dimitrios was injured at a fair held on the grounds of St. Mary's Church Corp. of Newington when her leg became entrapped in the steel drive cables of the ferris wheel that she was on at the time. The plaintiffs further allege that the State Department of Public CT Page 5282 Safety was responsible for inspecting and certifying as reasonably safe for public use all amusement rides in the State of Connecticut at least once every calendar year. The plaintiffs claim that, although the state did have this ride inspected as required, it negligently caused the plaintiff's injuries because the inspection was negligently performed by an inspector not qualified to conduct such inspections and failed to detect any defects during the inspection or to make any recommendations regarding operation of this ride.
The plaintiffs claim extreme emotional distress from witnessing the alleged injuries to Tania Dimitriou.
The plaintiffs allege that the third-party defendant, Chancey Brothers, Inc. was the owner and operator of the ferris wheel involved in this action.
By motion dated December 6, 1990, the defendant State Department of Public Safety moved to implead Chancey Brothers. Said motion was granted on January 14, 1991 and Chancey Brothers was served on January 31, 1991. The third-party plaintiff claims that if any negligence was involved and the cause of the alleged injuries, it was the negligence of Chancey Brothers, Inc. that caused the plaintiffs injuries.
Chancey Brothers Inc. terminated its corporate existence on September 24, 1986. It published a Notice of Dissolution, as required by General Statutes 33-379 (a), in the Connecticut Law Journal on October 7, 1986 and October 14, 1986. The defendant, Chancey Brothers, argue as the basis for their motion to dismiss that no action can be commenced against a corporation that has been dissolved for more than three years. Chancey Brothers Inc. in their motion state that it, Chancey Brothers, Inc. "is not and at the time of the institution of this and the underlying action was not an existing corporation in the State of Connecticut and was, therefore, not properly served."
General Statutes 33-379 provides, inter alia: "Any action, suit or proceeding against a dissolved corporation . . . liability incurred prior to dissolution shall be barred if not commenced within three years after the last publication of notice provided for in subsection (c) of this section." Notice was last published on October 14, 1986. Therefore, for this action to have been timely commenced, it would have to have been commenced on October 14, 1989. The motion to implead Chancey Brothers was filed December 6, 1990, and Chancey Brothers was served on February 4, 1991. This was after the three year time limitation. CT Page 5283
Accordingly, the motion to dismiss is granted.
BURNS, JUDGE